# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cr-311-MOC-DCK-7

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| NICHOLAS RICHER, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on a motion by Defendant Nicholas Richer, by and through his undersigned counsel of record, Meghann K. Burke, for this Court to set a date for a sentencing hearing, as soon as possible, in light of and in accordance with the Standing Order issued in In Re: COVID-19 Administrative Order Regarding Criminal Jury Trials And Other Matters, File No. 3:20-MC-00048-FDW, filed on April 1, 2020. (Doc. No. 160).

Defendant asks this Court to schedule a sentencing hearing in this matter as soon as possible while making accommodations to counsel and Defendant in order to address health and safety concerns posed by the COVID-19 pandemic. The Court grants Defendant's motion and will set a sentencing hearing as soon as possible and in accordance with the proposed safeguards, given the extraordinary circumstances of the COVID-19 pandemic.

Normally, the Court would grant the motion without further discussion. However, the Court makes the additional, following findings of fact to clarify the circumstances leading to the current motion for a sentencing hearing. This is because counsel's representations in the pending motion appear to suggest that this Court and the Court's staff somehow neglected to schedule

Defendant for sentencing when first requested by defense counsel Burke. Nothing could be further from the truth, as shown in the Court's following Findings of Fact.

**FINDINGS OF FACT**

1. Defendant was named in a 20-count Bill of Indictment alleging a Costa Rican sweepstakes scheme. On September 23, 2019, Defendant pled guilty in this Court pursuant to a written plea agreement.

2. On November 8, 2019, the Government filed a motion to consolidate this case with 3:18-CR-310, the Indictment for which had been unsealed on or about November 4, 2019. On February 13, 2020, the Court ordered that this case be consolidated with 3:18-CR- 310.

3. Defendant's Final Presentence Investigation Report was filed on December 17, 2019.

4. On January 21, 2020, defense counsel Burke sent an email to Judge Max O. Cogburn's law clerk, stating as follows: "I write to check in on the status of scheduling a sentencing hearing in the *U.S. v. Nicholas Richer,* 3:18-CR-311 (Charlotte) matter. Mr. Richer has been in custody since October 2, 2018. Plea documents were filed on September 23, 2019, and his Final PSR was filed on December 17, 2019. Can we look at dates for sentencing?"

5. The following day, January 22, 2020, Judge Cogburn's law clerk responded to Ms. Burke's email, notifying her that the judge's judicial assistant and courtroom deputy handle the scheduling of sentencing hearings, and stating that "I will forward this to them." Judge Cogburn's law clerk forwarded Ms. Burke's email to the judge's judicial assistant and courtroom deputy that same day.

6. On March 13, 2020, and in response to counsel's request to schedule a sentencing date, the Court scheduled Defendant's sentencing for March 23, 2020.[1]

7. On March 18, 2020, the parties, including defense counsel Burke, filed a consent motion to continue Defendant's sentencing hearing, citing the COVID-19 pandemic. The parties asked the Court to "continue [Defendant's] sentencing until after the health and safety precautions associated with the COVID-19 pandemic have been lifted." (Doc. No. 155 at 3).

8. On the same day, the Court granted the consent motion and instructed the Clerk to place Defendant's sentencing on the next appropriate sentencing calendar.

9. On April 7, 2020, Defendant filed the pending motion, seeking to have Defendant placed on the sentencing hearing schedule as soon as possible, and explaining that Defendant is currently incarcerated in the Gaston County jail, and the jail is not giving him the proper medications for his depression and that his mental health is deteriorating.

**IT IS THEREFORE ORDERED** that:

---

[1] Inferring some sort of lack of due diligence in scheduling or in responding to counsel's communications regarding scheduling Defendant's sentencing hearing, counsel notes in her motion that "pursuant to Local Rule LCrR 32.5(b), a sentencing hearing is 'ordinarily anticipated to occur within sixty (60) days of the Presentence Completion Date,' which in this case would have been February 17, 2020." The Advisory Committee Notes to Rule 32.5(b) also states, however, the following:

> *This new Rule is intended to implement the district's goal of being ready for sentencing within 90 days of acceptance of the plea or verdict. Recognizing that judges have schedules that may not allow for pinpoint scheduling six months out, the 90 days for sentencing readiness and the 60 days for the Court to thereafter hold a sentencing hearing are intentionally soft to avoid any implication that sentencing within that period is an entitlement and to reduce motions practice.*

The Court notes that Judge Cogburn was participating in a lengthy criminal trial in Charlotte, beginning on February 18, 2020, and lasting until March 5, 2020. In addition to that, Judge Cogburn has hundreds of pending civil and criminal cases on his docket. Judge Cogburn's staff promptly responded to counsel's request regarding sentencing, and the sentencing hearing was placed on the March 23, 2020, calendar as soon as practicable.

1. Defendant's Motion for Sentencing Hearing, (Doc. No. 160), is **GRANTED**. The Court will schedule a hearing date for sentencing as soon as practically possible. The Court will hold the sentencing hearing under the following conditions:

    a) Government Counsel will be allowed to appear at the sentencing hearing by video and/or telephone;

    b) Provisions will be made for Defendant's family to listen in on the sentencing hearing by telephone;

    c) Defendant shall be seated at defense counsel's table in the courtroom;

    d) Defense counsel shall be seated at the table typically reserved for the prosecutors/plaintiffs in the courtroom in order to maintain at least 6 feet of distance from Defendant, without any prejudice to Defendant as a result of undersigned counsel's compliance with social distancing measures;

    e) Defendant and defense counsel shall be afforded use of the confidential headset system referenced by Kent Creasy in an email dated April 6, 2020, to allow them to communicate during the hearing;

    f) Defense counsel shall be allowed to wear gloves and a mask during the hearing per the recommendations of the Center for Disease Control, World Health Organization, and NC Department of Health and Human Services, without any prejudice to Defendant as a result of undersigned counsel's compliance with COVID-19 mitigation measures;

    g) All surfaces counsel and Defendant will touch during the hearing shall be wiped down before the hearing begins;

h) The parties shall file all documents pertinent to the hearing, including Sentencing Memoranda, attachments thereto, or any Motion pursuant to U.S.S.G. § 5K1.1, electronically in accordance with Local Rule LCrR32.5(e) at least seven days before the hearing date.

**IT IS SO ORDERED.**

Signed: April 7, 2020

Max O. Cogburn Jr.
United States District Judge